I agree with the majority as to its analysis and disposition of the first, second, third and fourth assignments of error. I also agree with the majority as to its disposition of the fifth assignment of error but respectfully disagree with the majority as to its analysis of the fifth assignment of error. I would find that a reading of the rule and the statute regarding the competency of an officer to testify indicates that an officer must be both on duty for the exclusive or main purpose of enforcing traffic laws at the time of a misdemeanor traffic violation arrest and must be arresting or assisting in the arrest of a person charged with a misdemeanor traffic violation, in order for the officer's testimony to be incompetent. Therefore, I would find that once the majority concluded that Lieutenant Markowski was not on duty for the exclusive purpose of enforcing traffic laws, his testimony would be competent. One would not have to proceed to the additional analysis of whether Lieutenant Markowski was the arresting officer or whether he participated or assisted in the arrest. My interpretation of the statute and rule appears to be in conflict with the interpretation of the rule and statute by the majority. Therefore, while I agree with the result, I disagree as to the analysis by the majority of the fifth assignment of error.